UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE HENSLEY-MACLEAN and SARA DUNCAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAFEWAY, INC.,<br><br>　　　　　Defendant. | Case No. 11-cv-01230-RS   (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 152 |

　　　　Plaintiffs Dee Hensley-Maclean and Sara Duncan bring this putative class action against Defendant Safeway, Inc., alleging Safeway violates various California consumer protection statutes and California common law by failing to notify certain customers of recalls on food items they previously purchased. The case has been referred to the undersigned for purposes of discovery, and the Court has set a deadline of December 19, 2014 for Plaintiffs to conduct class discovery. Dkt. Nos. 94, 147.

　　　　Pending before the Court is the parties' joint discovery letter, filed December 8, 2014, regarding Plaintiffs' Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition. Dkt. No. 152. Plaintiffs seek Safeway's testimony regarding its practices and procedures concerning notifying customers of Class I recalls (the most dangerous and life-threatening category of recalls) of products it has sold. Jt. Ltr. at 1. The parties met and conferred regarding Safeway's objections to the deposition notice, after which Safeway served written objections on November 11, 2014. *Id.* On November 20, Plaintiffs' counsel demanded that witnesses appear, but Safeway responded on November 26 that it would not be producing any witnesses to testify. *Id.* at 1-2. The parties now address three general disputes regarding the scope of Plaintiffs' request.

**A.     Topic Nos. 1-5, 9-12**

Topics 1-5 and 9-12 request information regarding Safeway's general policies regarding Class I recalls, including how Safeway contacted consumers, its policy for refunds, communication between Safeway and government entities, costs incurred by Safeway for contacting consumers, any studies conducted by Safeway regarding the costs, and any legal actions that involved Safeway in connection with recalls. *Id.*, Ex. C, Dkt. No. 152-3. Safeway objects to most of the deposition topics to the extent that they require testimony or responses about Class I recalls other than for recalls involving Plaintiffs. *Id.* at 3. Plaintiff Dee Hensley-Maclean alleges that she purchased unspecified peanut butter products in 2008, while Plaintiff Sara Duncan alleges that she purchased certain Lucerne branded eggs in May 2010. *Id.* at 2. Safeway argues that Plaintiffs should not be permitted to take broad-sweeping discovery regarding every single Class I recall issued over a seven year period when the named Plaintiffs allege only that they purchased products subject to the 2008-2009 Class I recall of peanut butter products and the 2010 Class I recall of shell eggs. *Id.* at 3.

In response, Plaintiffs argue that this case is not just about Safeway's policies for recalls of eggs and peanut butter, and that to the extent Safeway's recall policies vary among products, that information is properly discoverable. *Id.* Plaintiffs note that when they took a Rule 30(b)(6) deposition in 2011 regarding Safeway's recall practices, Safeway did not object to providing information as to its recall policies and practices generally, and provided relevant discovery concerning how it used its Club Card database to find purchasers of ground turkey that was subject to a Class I recall. *Id.* (citing Dkt. No. 63-4 at 5-6) (testimony of Safeway employee Anthony Silva that he can "pull personal identifying information for a recall" when directed by senior counsel, and he did exactly this in connection with a turkey product recall). Thus, Plaintiffs argue that even if Safeway's objection was valid, it is waived.

The Court agrees the Plaintiffs are entitled to the requested discovery. In their First Amended Complaint, Plaintiffs seek to certify the following nationwide class: "All Customers who bought Recalled Products, and whom Safeway did not advise that they had bought Recalled Products, for a period beginning four years prior to the date this complaint is filed until the date of

class certification." First. Am. Compl. ¶ 55, Dkt. No. 74. Although Safeway asks that the Court limit discovery to products subject to the 2008-2009 Class I recall of peanut butter products and the 2010 Class I recall of shell eggs, Plaintiffs' complaint is not so limited, and the presiding judge has made no determination that such a limitation is appropriate based on Plaintiffs' standing or for any other reason. Accordingly, as Plaintiffs seek to certify a class that includes all recalled products, they are entitled to discovery related to such claims. For this reason, Plaintiffs' request to compel Safeway to designate and produce witnesses to testify on these topics is GRANTED.

**B.     Topic Nos. 8, 10, 12**

Topics 8, 10, and 12 seek information regarding the dollar amount of Safeway's purchases of all peanut butter products subject to the Class I Recall that occurred in 2008-2009, the dollar amount and description of any costs that Safeway has incurred in notifying consumers about any Class I Recall, and any legal actions that involved Safeway in connection with a food recall. Jt. Ltr., Ex. C. Safeway notes that the 2008-2009 peanut product recall covered some 3,000 products from multiple manufacturers. Jt. Ltr. at 4. Safeway also notes that it presented Plaintiff Dee Hensley-Maclean with her transaction history at her deposition, but she was unable to identify any purchase of a peanut butter product subject to the recall. Jt. Ltr., Ex. D. Safeway argues that "Plaintiffs should not be allowed to go on a fishing trip as to a potential 3,000 products and hoist this extraordinary burden on Safeway when the Plaintiff already has admitted that Club Card records show none of the purchases she allegedly made." Jt. Ltr. at 4. However, as discussed above, the presiding judge has not limited Plaintiffs' complaint to only products the named plaintiffs purchased. Accordingly, Plaintiffs are entitled to the requested information, and their request to compel testimony on these topics is GRANTED.

**C.     Topics 1-4, 7, 11-17**

Safeway also objects to providing testimony to the extent that Plaintiffs seek information regarding anything other than its Club Card program. Specifically, in Topics 13-15, Safeway objects to providing testimony on its "Just for U" program, through which Safeway contacts Club Card members to inform them about personalized discounts based on past Club Card purchases. Jt. Ltr., Ex. C. Safeway argues that the Court should reject Plaintiffs' attempt to expand the scope

3

1  of this case to include the "Just 4 U" program, as their complaint contains no allegations regarding
2  the program. Jt. Ltr. at 5. Safeway notes that the program did not even exist when Plaintiffs made
3  their alleged purchases from Safeway or when the recalls were implemented. *Id.*
4  In response, Plaintiffs maintain that the "Just for U" program is not a different or separate
5  loyalty program, and that one cannot use it without being a Club Card member. *Id.* at 4. The
6  Court finds Plaintiffs' argument persuasive. Safeway has not shown that the "Just for U" program
7  is separate from the Club Card program. Further, as noted above, this case is not limited to
8  products that the named plaintiffs purchased. Thus, as there may be recalls that occurred after the
9  introduction of the "Just for U" program, Plaintiffs are entitled to the requested information, and
10 their request to compel testimony on these topics is GRANTED.
11 Safeway will designate and produce witnesses to testify within 30 days from the date of
12 this Order.[1]
13 **IT IS SO ORDERED.**

Dated: December 16, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Any request for sanctions in the joint letter is DENIED for failure to comply with paragraph 5 of the Discovery Standing Order. Even if the request had been in compliance with the standing order, the Court finds that sanctions are not warranted.