UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE HENSLEY-MACLEAN and SARA DUNCAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | Case No. 11-cv-01230-RS   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 156 |

Pending before the Court is the parties' joint discovery letter, filed December 19, 2014, regarding: (1) Plaintiffs Dee Hensley-Maclean and Sara Duncan's Requests for Production of Documents, Set Three, served on June 11, 2014; and (2) Defendant Safeway, Inc.'s Federal Rule of Civil Procedure 26 Initial Disclosures for Plaintiff Sara Duncan. Dkt. No. 156. This dispute is a continuation of issues addressed in the Court's December 16, 2014 Discovery Order compelling Safeway's attendance at deposition. Dkt. No. 153. In that Order, the Court held that, based on the scope of their claims, Plaintiffs are entitled to discovery regarding all recalled products, not just recalls involving products purchased by the named Plaintiffs. *Id.* at 2-3. The Court also held that Plaintiffs are entitled to discovery regarding Safeway's "Just for U" program, through which Safeway contacts Club Card members to inform them about personalized discounts based on past Club Card purchases. *Id.* at 3. After the Court issued its Order, the parties met and conferred on the issue of whether Safeway would drop its objections, but Safeway states that it is contemplating a challenge to the Deposition Order and will not withdraw its objections.

However, during a January 6, 2015 meet and confer, Plaintiffs indicated a willingness to limit their requests to the 2010 egg recall, the 2009 peanut butter recall, and a turkey meat recall

referred to during the deposition of one of Safeway's witnesses. Status Letter, Dkt. No. 161. The Plaintiffs also indicated a willingness to discuss electronic searches to minimize the burden on Safeway. Accordingly, as the Court has lifted the discovery deadline and it is not clear that Plaintiffs need full discovery on all recalls to prepare their class certification motion due on February 26, 2015, the Court ORDERS the parties to continue their good faith meet and confer efforts to evaluate these proposals and potentially resolve the open issues. If the parties are still unable to resolve their dispute, they shall file a joint letter by January 20, 2015. While the Court agrees with Plaintiffs that the scope of their case addresses more than three recalls, it is also aware that the case may be narrowed by the presiding judge based on standing or other issues.

**IT IS SO ORDERED.**

Dated: January 8, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge